IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.  1:06-cr-213-WSD-1

MICHAEL WAYNE CLAIRE,

Defendant.

## OPINION AND ORDER

This matter is before the Court on the Government's Motion to Dismiss Petition for Property Subject to Forfeiture by Karen Claire [57]. Karen Claire ("Ms. Claire") has not responded to the motion.

*Background*

Defendant Michael Wayne Claire ("Claire") was indicted and pled guilty to conspiracy to commit fraud [43] ("Plea Agreement"). In connection with his plea, Claire agreed to forfeit various items of property which he admitted were purchased with proceeds from the fraud he committed. (Plea Agreement at 4-5.) He specifically agreed to forfeiture of the property at issue here: a 2003 Mercedes Benz E320 automobile (the "Mercedes"). Ms. Claire filed a petition claiming an interest in the Mercedes [56]. ("Petition for Property Subject to Forfeiture"). Ms.

Claire claims that the car "was gifted" to her in connection with her separation from Claire. Ms. Claire claims she was given the car in October of 2005, because she did not have a vehicle and needed one to get to her new employment. (Petition for Property Subject to Forfeiture at 2.)

On September 20, 2006, the Court entered a Consent Preliminary Order of Forfeiture [49], which included forfeiture of the Mercedes. Ms. Claire filed her Petition after she received notice of the proposed forfeiture of the car.

*Discussion*

The United States is authorized to seek forfeiture of property obtained using illegally obtained funds. Parties with a legal interest in property subject to forfeiture may make a claim on the property. Ms. Claire has asserted such a claim in the Mercedes. The Court must determine if Ms. Claire's interest is of a kind that precludes its forfeiture. The Court concludes it is not.

Rule 32.2 of the Federal Rules of Criminal Procedure provides that a third-party may seek amendment of a forfeiture order to address third-party claims concerning property proposed to be forfeited. Fed. R. Crim. Pro. 32.2(c). See also Wright, Federal Practice and Procedure: Criminal 3d § 546 (3d ed. 2000). "Third-party interests in criminally forfeited property are litigated . . . in an ancillary

proceeding following . . . entry of the preliminary order of forfeiture." Wright at § 547.  "Notice is published and sent to third-parties that have a potential interest in forfeited property." Id.  The purpose of the ancillary proceeding is "to give all potential third-party claimants the opportunity to contest the forfeiture by asserting a superior interest in the property." Id.  In the ancillary proceeding, a court may "on motion to dismiss, dismiss the petition for lack of standing for failure to state a claim or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A).  When deciding such a motion "the facts set forth in the petition are assumed to be true," Id.  Here, the Government has moved to dismiss the petition on the grounds that Ms. Claire does not have a cognizable interest in the Mercedes.

A person may seek to prevent the forfeiture of property if they can show "a right, title, or interest in the property" of a nature sufficient to preclude forfeiture. 21 U.S.C. § 853(n)(3) and (6).[1]  To prevent forfeiture in a piece of property, a third-party petitioner must make one of two showings: (i) that she held a right, title, or interest in the forfeited property superior to that of the defendant at the time of the commission of the crime; or (ii) that she was an innocent bona fide

---

[1] Claire has pled guilty to fraud, and thus forfeiture of the ill-gotten property proceeds under 18 U.S.C. § 982.  Section 982(b)(1) provides that "[t]he forfeiture of property under this section . . . shall be governed by . . . 21 U.S.C. § 853."

purchaser for value of the defendant's right, title, or interest in the property. 21 U.S.C. § 853(n)(6)(A), (B). See also Roberts v. United States, 141 F.3d 1468, 1470 (11th Cir. 1998). Claire pled guilty to a conspiracy to commit fraud pursuant to 18 U.S.C. § 1341. The Court, pursuant to 18 U.S.C. § 982(a)(8), and with Claire's consent , ordered him to forfeit property, including the Mercedes, derived from or traceable to the proceeds of his criminal conduct. Claire admitted that he purchased the Mercedes with the proceeds of the fraud.

Ms. Claire does not dispute that the Mercedes was purchased with proceeds from the fraud, and she does not claim to have contributed any value towards the purchase of the vehicle. Her only claim is that the car was "gifted" to her when she separated from Claire.

Assuming, as the Court must, that all the facts in Ms. Claire's petition are true, she does not meet the third-party claimant requirements set forth in § 853(n)(6). Under § 853(n), the government's title to the property to be forfeited relates back to the date when the criminal conduct was committed. United States v McClung, 6 F. Supp.2d 548, 600-01 (W.D. Va. 1998). The purpose of this rule is to insulate forfeiture from being thwarted by "gift" transfers occurring after the crime, but before the order of forfeiture. See United States v. Kennedy, 201 F.3d

1324, 1334-35 (11th Cir. 2000) (relation back rule designed to guard against opportunistic gift transfers).  See also United States v. O'Connor, Crim. 00-285-A, 2003 WL 2405, 1015 at *3 (E.D. Va. 2003) (Defendant's wife did not acquire legal interest in jewelry purchased with funds from criminal activity).  Ms. Claire has claimed no interest in the Mercedes other than receiving it as a gift from her husband–precisely the kind of transfer protected against by the relation-back rule.  Ms. Claire has not shown that she held in her own right, at the time of the criminal conduct, an interest in the car superior to Claire's.  Ms. Claire further did not contribute to the purchase of the Mercedes.  She is therefore not a bona fide purchaser of the car.

In short, Ms. Claire has made no showing that she purchased the car, or that she had in her own right an interest in the vehicle sufficient to satisfy § 853(n).  The funds used to buy the car were undisputedly the proceeds of Claire's fraudulent conduct.  Under the relation back rule, the United States had title to the car at the moment of its purchase.  That the vehicle was later "gifted" to Ms. Claire does not give her an interest in it sufficient to avoid forfeiture of the vehicle.  See Kennedy, 210 F.3d at 1334-35.  See also United States v. Gilbert, 244 F.3d 888, 902 n.38 (11th Cir. 2001).

Accordingly and for the reasons stated above,

**IT IS HEREBY ORDERED** that Government's Motion to Dismiss Petition for Property Subject to Forfeiture by Karen Claire [57] is **GRANTED**.

**SO ORDERED** this 24th day of January, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE